IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>*v.*<br><br>PABLO CAMANEY ARZATE | Criminal Action No.<br><br>1-12-CR-329-TCB-LTW |

**MOTION TO COMPEL DEFENDANT
TO FURNISH MAJOR CASE PRINTS**

COMES NOW, the United States of America, by John A. Horn, United States Attorney for the Northern District of Georgia, and Michael Herskowitz, Assistant United States Attorney, and moves this Court to order that defendant, Pablo CAMANEY ARZATE, furnish major case prints[1] which includes fingerprints, palm prints, prints from the side of the hand, and prints from the sides of the fingers to special agents of the Drug Enforcement Administration and/or any other appropriate law enforcement personnel. In support of this motion, the Government states the following:

1. In this case, the defendant was indicted by a federal grand jury, and charged, inter alia, with conspiring to distribute a controlled substance, in violation of 21 U.S.C. § 841 and 21 U.S.C. § 846.

---

[1] Only fingerprints, and not a full set of major case prints, were collected during the booking process.

2. The Government has in its possession, a number of major case prints on evidence that has already been seized that may further implicate the defendant in the narcotics conspiracy.

3. The defendant's major case prints are necessary so that the evidence in the Government's possession may be compared to the prints supplied by the defendant. The results of such comparisons are highly relevant in proving the defendant's involvement in the narcotics conspiracy. The Government seeks to use the defendant's major case prints for identification purposes only.

4. Obtaining major case prints does not interfere with any constitutional right. United States v. Dionisio, 410 U.S. 1, 5–6, 973 S.Ct. 764, 767 (1973). Fingerprinting has always "been viewed as a natural part of the administrative steps incident to arrest." Maryland v. King, 133 S.Ct. 1958, 1964 (2013) (internal quotation marks omitted). Fingerprinting also "involves none of the probing into an individual's private life and thoughts that marks an interrogation or search." Davis v. Mississippi, 394 U.S. 721, 727, 89 S. Ct. 1394, 1398 (1969). As such, no constitutional bar prevents obtaining such evidence.

## Conclusion

For the foregoing reasons, the Government respectfully requests that this Court order the defendant to furnish forthwith to special agents of the Drug Enforcement Administration such major case prints as they deem necessary.

                                          Respectfully submitted,

                                          JOHN A. HORN
                                              *United States Attorney*

                                      /s/MICHAEL HERSKOWITZ
                                            *Assistant United States Attorney*
                                        Georgia Bar No. 349515
                                        Michael.Herskowitz@usdoj.gov

## Certificate of Service

I served this document today by filing it using the Court's CM/ECF system, which automatically notifies the parties and counsel of record.

August 2, 2016

/s/ MICHAEL HERSKOWITZ
MICHAEL HERSKOWITZ
*Assistant United States Attorney*